Richardson, J.,
delivered the opinion of the court:
This case was transmitted to the court by the Committee on Claims of the Senate, under the authority of the Bowman act of March 3, 1883, entitled “An act to afford assistance and relief to Congress and the executive departments in the investigation of claims and demands ag'ainst the government.” (22 Stat. L., 485.) The claimant came in and filed his petition.
The defendants made a motion to dismiss for want of jurisdiction, and that motion was sustained (ante 519).
The claimant now moves for an order on the clerlr to return to the committee the papers transmitted to the court by its direction, and on file here in the clerk’s office. These papers contain the evidence presented to Congress in support of the claim.
We take this occasion to explain quite fully, for the information of the bar, a matter of practice of considerable importance *598 under the Bowman act, with which the present motion is connected.
When this court was first established in 1855 its whole jurisdiction consisted of the investigation of claims coming to it from Congress, and of making reports thereon as to both the facts and the law, accompanied by a bill for relief when the claimant succeeded in establishing a legal right, but not when the claim had relation only to matters which addressed themselves to the discretion and liberality of Congress. (Lindsay v. The United States, No. 205, docket of Court of Claims, decided February 6, 1856: Opinion by Gilchrist, presiding judge. Todd’s Case, Devereaux’s Reports, 179.)
" The organic act required the court to transmit with its reports the testimony in each case, whether the same received the favorable or adverse action of the court. (Act of February 21, 1855, ch. 122, § 7, 10 Stat. L., 612.)
This provision led to great embarrassment and obstruction in the way of securing action by Congress. The reports were referred to the Committee on Claims of one House or the other, or to both.
“The Committee on Claims, finding a mass of evidence, with the briefs in each case referred to them, very naturally felt that it was their duty to go carefully over the whole matter; to read all the evidence and examine the briefs of the claimant and of the solicitor of the government. Claimants were uneasy and pressing, and the troubles and perplexities of the members of the committee were numerous. To hear, the cases anew, or to examine all the papers in each case and submit the questions which were raised on the facts and the law to the decision of the committee, would require more time and labor of the members than it was possible to devote to such duty. If the work which the court had done was to be all gone over again in committee, little was gained by reference to the court at all. In fact it was a positive loss and injury to the claimants, because they were forced to try their cases twice, while neither Congress nor claimants obtained relief. Favorable reports were often not concurred in or not acted upon at all, and were ■finally lost altogether.” (History Jurisdiction and Practice of the Court of Claims, 17 O. Gis. R., 8.)
Thereupon, in 1863, the system was abandoned and authority was given to the court to enter judgment, which, when favorable to the claimant, was made payable out of any general appropriation made by law for the payment and satisfaction of private claims on presentation to the Secretary of the Treasury *599 without report to Congress. (Act of March 3,1863, ch. 92,12 Stat. L., 765, now Rev. Stat., §§ 1049-1093.)
This jurisdiction extended only to cases of legal rights, as before, founded upon any law of Congress, or upon any regulation of an Executive Department, or upon any contract, expressed or implied, and upon claims referred by either House of Congress.
But there were still pending in Congress, at every session, •claims in relation to matters which addressed themselves to the discretion and liberality of Congress, in which there was no legal right of recovery, and as to which that discretion and liberality could not Constitutionally be conferred' upon any other tribunal.
To provide for the judicial investigation of this class of cases, •as far as it could be done, was one of the main objects of the Bowman act.
By section 1. Congress gave authority to either House or any committee thereof to transmit to the Court of Claims, with the vouchers, papers, proofs, and documents pertaining thereto, any claim or matter pending thereto, which involves the investigation and determination of facts.
It is provided in the same section that when the facts shall have been found the court shall not enter judgment but shall report the same, that is, the findings of fact, to the committee or to the House by which the case was transmitted, for its consideration. Thus it will be seen that the court.is not authorized, on motion of the claimant or otherwise, to return the vouchers, papers, proofs, and documents filed in the case. Congress seems to have carefully guarded against thé difficulty which destroyed the usefulness of the former act, by providing for a concise judicial finding of facts upon which the committee and the two Houses can easily determine the remedy or relief which they will give.
The idea of thus reporting a findings of facts without the evidence was suggested by the course of proceedings of the Supreme Court in relation to appeals. The act of 1863 gave parties the right of appeal from the Court of Claims, under such regulations as the Supreme Court might direct. ■ (Rev. Stat., §§ 707, 708.) That court foresaw that, with the whole record sent up, they would encounter the same difficulty which Congress had experienced under the former act, from the im *600 possibility of devoting sufficient time to the consideration of such a mass of evidence, and of undertaking to review the findings of fact thereon. (History of the Court, &c., 17 C. Cls. R., 25.) They therefore made a rule that in the Supreme Court cases should be heard upon a finding by the Court of Claims of the facts in the case established by the evidence in the nature of a special verdict, but not the evidence establishing them, confining their review of cases to questions of law alone.
This rule has been closely adhered to. In an early case where evidence had been sent up at the request of both parties the Supreme Court said:
“We shall adhere strictly to the rules we have prescribed, and shall regard no other matter found in the transcripts sent to us than what they allow, and that in proper cases the costs of the useless part of the record will be taxed against the party who brings it here.” (De Groot v. The United States, 5 Wall., 419 and 7 C. Cls. R., 2.)
In another ease that court said :
“ The findings of the Court of Claims furnish the facts we are to consider, and we cannot look beyond them. For the purposes of this case they import absolute verity and conclude both parties.” (Desmare v. The United States, 93 U. S. R., 605, and 12 C. Cls. R., 33.)
Substantially the same was said in the case of Carver v. The United States (111 U. S., 609).
We have no doubt that Congress, in cases under the Bowman Act, intended to establish the same practice of making the finding of facts by the Court of Claims conclusive on both parties, thus removing from the halls of legislation the determination of controverted questions of fact, relieving itself and its committees from the investigation of such matters proper to be tried only by a judicial tribunal, and obtaining the full measure of the assistance and relief contemplated by the act.
It follows that where the court takes jurisdiction of a case transmitted to it by a committee of Congress or by either house under that act, finds the facts and reports the same back as therein directed, it has discharged its whole power in the matter, and has no authority in law to return the documents and other evidence, on motion of either party or otherwise.
In cases which the court dismisses for want of jurisdiction, and so does not find and report the facts, this rule does not apply. In such cases all the papers transmitted to the court will *601 be returned to tbe committee upon its request, but not on motion of either party. Whether the committee will recall the papers in such case or leave them on file with the archives here is within its own option, and the court will be governed in relation thereto by the wishes of the committee.
The present motion is made by the claimant for the return of the papers in a case dismissed for want of jurisdiction, without any indication that the committee desires them, and it is therefore overruled.