Nott, J.,
delivered the following opinion:
The question in this case is whether the claim is barred by the Act 3d March, 1879 (20 Stat. L., 650).
The Act 4th July, 1864 (13 Stat. L., p. 381), provides that claims for quartermaster stores may be submitted to the Quartermaster-General and claims for subsistence furnished to the Army may be submitted to the Commissary-General. The act of 1879 provides that all claims not presented and filed prior to the 1st January, 1880, shall be forever barred.
The claimant in this case presented to the Quartermaster- *419 General prior to 1st January, 1880, a claim for borses, mules, forage, and other quartermaster stores. He also at the same time presented to the Commissary-General a claim for corn and wheat. The claim presented to the Quartermaster-General was acted upon by that officer and an award made. The claim presented to the Commissary-General was rejected and forms the subject of the present suit. It appears from the evidence that the corn was taken by the Army and for the use of the Army; it does not appear whether it went into the Quartermaster or Commissary Department.
In technical strictness it may be said that a claimant must show that he presented his claim to whichever bureau was actually or constructively charged with the care and custody of that kind of property. To a certain extent this is true. There-, is property which belongs exclusively to the Quartermaster Department, and there is property which belongs exclusively to. the Commissary Department, and a person presenting a claim,for such property was bound to present it to the Department which would necessarily have charge of it. But there are also - stores which belong to both. If corn or wheat was taken as food for soldiers it became commissary supplies $ if it was taken as food for horses it became quartermaster stores. A citizen who saw his property taken and carried away under-the proper authority of Army officers and unloaded at a depot of military supplies may easily have been misinformed as to what bureau would issue it for Army use.
The purpose of the act of 1879 was to hold claimants to reasonable diligence ; not to set up technical impediments in the • way of the administration of justice. The interpretation which: should be given to it may be thus formulated: When the nature of the property taken for the use of the Army was sucbi that it might have been used either as quartermaster or commissary stores and it does not appear to which use it was put, though it does appear that it was taken by the Army and for its use, the claim is not barred by the act of 1879 and the court will have jurisdiction within the true intent and meaning of the Bowman Act if the claim was presented to either the Commissary-General or the Quartermaster-General in good faith and within due time.
The motion to dismiss for want of jurisdiction is overruled, and the case is remanded for further proceedings.