. Richardson, Ch. J.,
delivered the opinion of the court:
This ease was transmitted to the court by the following order of the Committee on Claims of the House of Representatives :
*78 “U. S. House or Representatives,
“ Committee on Claims, February 23, 1887.
“At a meeting of the Committee on Claims of the House of Representatives of the United States, held on the 22d day of February, A. D. 1887, the following order was made by the com mittee:
‘■•Ordered, That bill H. E. 11.131, for the relief of James Taylor, which was referred to this committee by order of the House of Representatives, and is now pending before said committee, be transmitted in accordance with the provisions of an ■act entitled “An act to afford assistance and relief to Congress and the executive departments in the investigation of claims and demands against the Government,” approved March 3d, 1883, to the Court of Claims of the United States, together -wilh the vouchers, papers, proofs, and documents appertaining thereto.
“Alex. J. Jones, Cleric.”
The bill, transmitted with the order and referred to therein, is as follows:
“A BILL for the relief of James Taylor.
“ Whereas one Levi Stevens and wife, by deed bearing date March fifteenth, eighteen hundred and sixty-nine, conveyed to the United States of America the legal title to certain lands situated in the State of North Carolina, which deed is now in the possession of the Solicitor of the Treasury Department, and James Taylor, formerly of North Carolina, was, at the time of such conveyance, and is, the equitable owner of said land, and is justly and equitably entitled to have the legal title thereto convoye I to him upon just and equitable terms, and being without remedy to compel the United States to make conveyance thereof to him : Therefore,
“Beit enacted by the Senate and House of Representatives of the United States of America in Conr/ress assembled, That upon payment into the Treasury of the United States at the rate of ten cents an acre for each acre of said lands, by said James Taylor, his heirs or assigns, the Solicitor of the Treasury is directed and required to execute, acknowledge, and deliver to said James Taylor, his heirs or assigns, proper deeds of conveyance sufficient in form to vest in such grantees all the interest and title of the United States in and to all of the lands situate in the State of North Carolina by said Levi Stevens to the United States by deed of conveyance dated March fifteenth, eighteen hundred aud sixty-nine.”
Among the papers transmitted with the order and bill is the original petition to Congress by the claimant in which, after making certain allegations of fact as to the lands therein referred to, he prays for relief in the terms set out in the bill.
*79 Thé claimant, on the 17th day of March, 1887, filed in this court his petition, in which, after setting forth the alleged facts upon which he relies substantially as presented to Congress, concludes with the following prayer:
“ 18. Wherefore, for the reasons hereinbefore stated, and others which may hereafter appear in connection therewith, or by amendment of this petition, or otherwise, said claimant prays that this court will make a full and complete finding of facts and law in this case and' repoit them to the Congress of the United States in accordance with the provisions of chapter 116 of the laws of Congress of the year' 1883, entitled “An act to afford assistance and relief to Congress and the Executive Departments in the investigation of claims and demands against the Government,” approved March 3,1883.
- “And also that said court enter the appropriate decree requiring the Solicitor of the Treasury Department to execute, acknowledge, and deliver to said James Taylor proper deeds of conveyance of all said lands upon said Taylor paying into the United States Treasury for said lands the sum of ten cents an acre for each acre thereof, and that said court grant such other and further relief as will' be conformable to justice and equity.”
The Assistant Attorney-General, April 19, 1889, filed a motion to dismiss, assigning the following reasons:
“ 1st. Because, under the provisions of the Bowman Act, this court has no equity jurisdiction.
“2d. Because, under tbe provisions of the Bowman Act, no findings of fact are authorized except for the purpose of basing an appropriation.
“ 3rd. Because the questions involved in this case should be determined either in the land office or the State courts of Uorth Carolina.
“4th. Because no claim against the United States is involved in the questions presented by the petition.”
The motion can not be sustained. It is true the court has no jurisdiction, under the Bowman act, at law or in equity to enforce claims or grant relief against the Government. So much , of the petition must be regarded as surplusage and irrelevant as requests the court to find the law in the case and to “ enter the appropriate decree requiring the Solicitor of the Treasury Department to execute, acknowledge, and deliver to said James Taylor proper deeds of conveyance of said lands upon said Taylor paying into the United States Treasury for said lands the sum of 10 cents an acre for/each acre thereof, and that said *80 court grant such other and further relief as will be conformable to justice and equity.”
If in other respects the petition and bill transmitted by the committee present a case of which under the Bowman Act the court has jurisdiction to find the facts, the case is not to be dismissed because the claimant asks in addition thereto the exercise of powers not granted to the court. (Dennis's Case, 20 C. Cls. R., 119.)
The motion proceeds upon the idea that the court has no authority to find the facts in any case transmitted by Congress or its committees under the Bowman Act unless it involves a money claim, for which the facts are desired by Congress “ for the purpose of basing an appropriation,” and also that if the question involved could be determined in other courts or elsewhere this court is without authority in the matter.
This is quite an erroneous view of the Bowman Act. The title of the act indicates that one of the objects sought to be obtained was to afford assistance and relief to Congress, and the measure of that relief is defined in the first section of the act, as follows:
“Whenever a claim or matter is pending before any committee of the Senate or the House of Representatives, or before either house of Congress, which involves the investigation and determination of facts, the committee or house may cause the same, with the vouchers, papers, proofs, and documents per taining thereto, to be transmitted to the Court of Claims of the United States, and the same shall there be proceeded in under such rules as the court may adopt.
“ When the facts shall have been found, the court shall not enter judgment thereon, but shall report the same to the committee or the house by which the case was transmitted for its consideration.”
In Alire's case (17 C. Cls. R., 29, and 6 Wall., 573), decided in 1867, the Supreme Court held, upon the statutes conferring jurisdiction to investigate claims against the Government and enter judgment with right of appeal {Act of March 3,1863, ch. 92, 12 Stat., 765) that “the only judgments that the Court of Claims are authorized to render against the Government, or over which the Supreme Court have any jurisdiction on appeal, or for the payment of which by the Secretary of the Treasury any provision is made, are judgments for money due from the Government to the petitioner.”
*81 This decision and the reasons stated in the opinion can not be applied to cases under the Bowman Act, because the court is expressly excluded thereby from entering judgment in such cases; no appeal to the Supreme Court is allowed, there is no finding of money due from the Government, and no provision is made for the payment of money. The facts to be found are only for the consideration of Congress. Moreover, apparently for the purpose of avoiding any possibility of such a limited interpretation of the word “ claim” as is now contended for in the Bowman Act, Congress added the word “matter,” one meaning of which in all the dictionaries is “ business.”
It was well known that a very large number of matters are always pending before Congress on petitions and bills wherein other relief is claimed or asked than the appropriation of money. Congress is constantly appealed to for the passage of special acts to make grants and create rights, or to pass laws for the benefit of individuals where they have no legal right which can be enforced under the provisions of general legislation. Such business frequently involves laborious and difficult investigation of facts, the examination of witnesses, and the hearing of parties and their counsel before final action can be intelligibly taken. Congress has occasionally sent such cases to this court by special acts granting jurisdiction to hear and dispose of them by final decrees. (Hot Springs Cases, 11 C. Cls. R., 238. Myers's Case, in relation to the Twiggs swords, 24 C. Cls. R., 448. See also Ford's Case, 19 C. Cls. R., 599. History of the Court, 17 C. Cls. R., and second edition of 1885, p. 11.) But such acts were not sufficiently frequent to afford much relief to Congress and in themselves did not meet the whole difficulty. Congress wanted to know the exact facts before acting at all in such matters.
It is too clear to admit of misunderstanding that Congress intended by the Bowman Act to authorize either house and any committee to avail itself of the services of this court in ascertaining the facts in any matter or business pending before them.
The claimant’s petition, with the bill and the original petition to Congress transmitted here by the committee, presents a case peculiarly within the contemplation and terms of the Bowman Act.
It is alleged that the United States holds by deed a certain tract of land in Eorth Carolina to which the petitioner has an *82 equitable claim, out of which he has been defrauded by the defendants’ grantor; that the United States acquired title to the land in question in settlement of a debt against said grantor, and that the petitioner desires to purchase the land and pay such a sum as under all the circumstances, in justice and equity, ought to be exacted of him, and lie asks Congress to pass the bill in question directing the conveyance of the land to him upon the payment of the consideration therein named.
When the court shall have ascertained and reported the facts, as the Bowman Act requires, Congress will be able to determine what legislation if auy it ought to pass.
The motion is overruled.