Weldon, J.,
delivered tbe opinion of tbe court:
On tbe 3d day of February, 1886, tbe Committee on War Claims of tbe House of Representatives referred to tbis court tbe claim of Alfred Duplantier for tbe sum of $55,675 for stores and supplies alleged to bave been taken from' claimant, in tbe State of Louisiana during tbe late war for tbe use of tbe Army of tbe United States.
In tbe year 1873 tbe claimant presented bis claim to tbe Commissioners of Claims, organized under and by virtue of tbe terms of tbe act of March 3,1871.
Upon wbicb presentation tbe said Commission made tbe following finding:-
“Annexed to tbe petition are several affidavits. They can not be received in evidence because of tbe law wbicb requires tbe testimony in claims exceeding $10,000 in amount to be taken before tbe Commissioners or some one of them personally. If everything stated in tbe affidavits were true and taken in a form permissible as evidence they fail to establish tbe loyalty of Mr. Duplantier.
“ Tbe claim is disallowed.”
Tbe Commission reported its action to Congress December 16,1879.
No action was taken by Congress on tbe report.
On January 4,1892, tbis court found tbe claimant loyal, and on tbe 3d day of March the claim was submitted on tbe merits. On tbe 13th day of April, A. D. 1891, tbe attorney for tbe defendants made a motion to dismiss tbe proceedings for want of jurisdiction upon tbe part of tbe court, to investigate and report upon tbe claim under tbe provisions of tbe Bowman act. Tbe motion to dismiss was not beard upon tbe preliminary question of loyalty, but was reserved to be considered on tbe merits.
Tbe substance of tbe motion is, that tbe claim is barred because it was not in legal contemplation presented to tbe Commissioners of Claims for adjudication; that a presentation such as indicated by tbe report of tbe Commission is not in legal *325 effect a presentation, and for that reason comes within that provision of the Bowman act, which provides: “Nor shall the said court have jurisdiction of any claim against the United States which is now barred by the provisions of any law of the United States.”
On the 2d of March, 1892, the matter was submitted. As preliminary to the consideration of the claim on its merits, the court considered the motion to dismiss for want of jurisdiction; and on the 28th day of March the court, alter reciting the action of the Commissioners of Claims, announced the following conclusion of law:
“The court, upon the foregoing state of facts, determines that it is without jurisdiction, and the matter will be so certified.”
On April 1,1892, counsel for claimant made a motion for a rehearing, because, as it is alleged, the court erred in refusing to take jurisdiction, and also in investing itself with appellate authority, in violation of the decision in the case of Calhoun, (24 C. Cls. R., 414).
It is contended upon the part of the defendants that, be-, cause of the disregard of the rules of evidence as recognized by the order of the Commission and the express provisions of the statute, the claim is now barred, and comes within the foregoing provisions of the statute conferring power upon this court to examine and report claims to Congress. The Bowman act being in the highest and broadest sense a remedial statute, intending not only to give redress to the citizen in the prosecution of just claims against the Government, but to relieve Congress from the burden of judicial investigation of demands against the United States, this court has been most liberal in the construction of the provisions of the statute conferring upon it the power to determine the facts applicable to “ any claim or matter ” pending before any committee of the Senate or the House of Representatives or before either House of Congress. The fact that a claim is referred by a committee of either House of Congress gives to it a sanction of jurisdiction, and it is only when it comes clearly within the inhibitions of the law that we refuse an investigation upon the merits. The court must with fidelity enforce the limitations of the law in a proceeding of this character, as well as in cases of its ordinary jurisdiction. The purpose of the Bow *326 man act was not to disturb settled conditions of legal repose, but to give parties tbe right of bearing wbo bad not been derelict in asserting tbeir claims in tbe provided jurisdictions of tbe law.
Tbe claimant did present bis claim to tbe Commission in a tecbnical sense, but tbe mode of prosecution was in direct violation of tbe rules of tbe Commission and tbe law governing tbe presentation of evidence.
In support of tbe motion for a new trial, we are cited to the case of Dodd v. The United States (21 C. Cls. R., 117). An examination of that case will disclose, that tbe court intended simply to decide that an adverse report by Congress did not bar tbe jurisdiction of tbe court, and that has been tbe current of our decisions unbroken from that early period in tbe history of this litigation. As tbe basis of that decision, tbe court held that tbe power of tbe Commissioners of Claims were not judicial, its reports having no greater legal effect than a committee of Congress charged with tbe duty of investigating for tbe final determination of Congress.
The second error assigned is that tbe court, in announcing tbe conclusion wbicb it did, assumed anappellate authority in review of tbe decisions of tbe Commissioners in violation of tbe authority of the Calhoun Case.
It is rather difficult to understand bow a court exercises tbe functions of appellate review, when it refuses to assume jurisdiction, as we have done in this proceeding. By announcing tbe conclusion stated in the report we refused to entertain tbe consideration of tbe claim on its merits, for the reason that tbe claimant bad not pursued tbe remedy given him by tbe law applicable to tbe jurisdiction and duty of tbe Commissioners of Claims.
Early in the administration of tbe law as exercised by tbe Commissioners of Claims, on April 12,1871, they promulgated tbe following rule of evidence:
u What are known as ex parte affidavits shall not be accepted as evidence before tbe Commissioners.”
This rule thus established continued in force throughout tbe entire period of tbe existence of tbe Commissioners as a board of investigation.
Tbe rule as to ex parte affidavits, which was in accordance with tbe requirements of tbe common law upon tbe subject of *327 evidence, was given tbe force of law by tbe Act May 11, 1872 (17 Stat. L., 97), in tbe following provision:
u But no claim where tbe amount exceeds ten thousand dollars shall be examined, decided, and reported by the commissioners to Congress except the testimony in behalf of the claimant in such case shall have been taken orally before the commissioners or some one of them personally, or shall have been taken previous to the 3d day of March, 1871, to be used in the Court of Claims or before Departments of the Government.”
This claim was presented after the passage of said act, and when the rule of the Commissioners and the law were in force regulating the prosecution of claims in that department. The affidavits filed by the petitioner being incompetent both under the rule and the statute, it may be affirmed that no evidence was filed in support of the claim, and the case comes within the provisions of the Act March 3,1877 (19 Stat. L., 404), providing as follows:
“ That the Commissioners of Claims' shall not receive any evidence on behalf of any claimant or claimants for the allowance of any claim or claims unless such evidence shall have been taken, presented, and filed by the 10th day of March, 1878, except in rebuttal of the evidence introduced on behalf of the Government, and all claims wherein the evidence of the claimants is not filed within the time herein limited shall be deemed to be barred forever thereafter.”
The act of June 15, 1878, extended the time of filing testimony and barring claims to March 10, 1879; and section 5 of that act provides:
“And all claims wherein the evidence of the claimant or claimants is not so filed in the office of the Commissioners of Claims and which have not been submitted to the Commissioners for decision within the time limited shall be barred thereafter, and the Commissioners of Claims shall report all such claims so barred to Congress at its next session thereafter.”
This court has uniformly held, that if the claimant has not availed himself of the jurisdiction of the Commissioners of Claims in a case coming -within the powers of that tribunal, he is barred from seeking the jurisdiction of this court under the provisions of the Bowman act. The jurisdiction of the Commission must have been sought in good faith, and for the purpose of submitting to its judgment the merits of the claim, and no technical submission where all the requirements of its rules and the law have been disregarded, will preserve the *328 rigkfcs of tbe claimant from tbe consequences incident to tbe bar of tbe third section of tbe statute. Tbe claim was not considered by tbe Commissioners, as it bad no power to recognize tbe affidavits, and tbeir report to Congress can bave no other effect than a report under tbe fifth section of tbe act of 1878, providing for a report of “barred” claims.
For these reasons tbe court adheres to its former finding, and tbe motion for a rehearing is overruled.
Peelle, J., took no part in tbe decision, tbe case having been beard and determined before be took bis seat.