WeldoN, J.,
delivered the opinion of the court:
On March 6, 1888, the Committee on War Claims of the House of Bepresentatives, under the Bowman Act, referred to the court “the claim of Jane Cofer, of Marshall County, Miss.,” for stores and supplies taken, as it is alleged, in the county of Oxford, in the State of Mississippi, for the use of the Army of the United States during the late war. The claim was filed by petitioner with the Commissioners of Claims under the act of March 3,1871, in three petitions, in which it is alleged that “her husband was the owner of said claim” and “that she is the sole owner of said claim.” The claim was disallowed by the Commissioners upon the ground that they were not satisfied of the loyalty of the husband. The report of the Commissioners shows that the husband’s loyalty was the only question considered in the decision of the case. In the report of the Commissioners it is stated that “the property for which payment is claimed belonged at the time it was taken to the claimant’s husband.”
With that record from the archives of the Commissioners, the Committee on War Claims of the House of Bepresenta-tives sent the matter for examination and report under the provisions of said act.
In that act it is provided, section 4:
“In any case of a claim for supplies or stores taken by or furnished to any part of military or naval forces of the United States for their use during the late war for the suppression of the rebellion, the petition shall aver that the person who furnished' such supplies or stores, or from whom such supplies or stores were taken, did not give any aid or comfort to said rebellion, but was throughout that war loyal to the Government of the United States, and the fact of such loyalty shall be a jurisdictional fact.” (1 Supp. Rev. Stat., 2d ed., 403.)
*133 The property for which the claim is made was taken during the lifetime of Lemuel Cofer, the husband, and was, at the time of taking, his property; so that it is his loyalty that is in issue in this proceeding. The testimony before the Commissioners related to the loyalty of the husband and wife; but they treated the proceedings as involving the loyalty of the husband alone, and the testimony taken since relates to the loyalty of the husband.
The counsel for the defendants insist that the loyalty of the husband can not be inquired into and passed upon by this court, as the claim of the husband was not referred to this court by the letter of transmittal.
In the examination of cases coming from Congress under the Bowman Act, the court does not apply the strict rules of pleading, but regards the substance of the matter, and if by reasonable intendment the purpose and intent of Congress can be subserved by the finding of the court, the case will not be dismissed, but examined and reported according to the requirements of the statute.
A proceeding under the Bowman Act is not based upon the strict legal rights of the parties, but is an examination subject to the limitations of the act to ascertain the facts of the claim, so that Congress may determine what disposition shall be made of the matter.
In determining the jurisdiction of the court, we disregard matters that do not affect the substantial rights of the parties; and unless the claim is barred or grows out of some inhibited jurisdiction, we report the facts and leave to Congress the final disposition of the claim. In snbstance, the claim as made in this court is the claim that was made before the Commissioners, and referred to the court by the order of the committee. The report of the Commissioners shows that the property at the time of taking belonged to the husband, and his loyalty was passed upon by the judgment of the Commissioners. That record went to Congress, and upon it the case of the claimant was referred to this court.
Under the Bowman Act, suits are ordinarily prosecuted in the name of the owner or legal representative of the party owning the property at the time of taking; but that is not. an imperative rule, and is not strictly enforced where the claim *134 in this court is in substance the same as presented to the Commissioners, or other authorized officer or department of the Government, and in the name of a person having a substantial legal or equitable interest in the subject-matter of the proceeding. The wife and children have a most substantial interest, and after the satisfaction of creditors they succeed as absolute and exclusive owners of all the property of the deceased husband and father, unless a will directs otherwise. In the presentation of the claim the wife proceeded upon the theory that the right of action was in her, which, according to the strict rules of law was a mistake; but the Commissioners did hot recognize and enforce that rule, and examined as to the loyalty of the husband, and the War Claims Committee have followed the same line of investigation by the reference of the claim to this court.
The right to prosecute a suit under the Bowman Act is not a right stricti juris, but a proceeding based upon the substantial and equitable rights of parties in order that Congress may intelligently pass upon a claim appealing to the grace and favor of the Government. The fact that the case was referred is an implication that the court has jurisdiction, it appearing in the record that the property was the property of the husband at the time of taking, and not the property of the petitioner.
The claim in this court in its substance must be the claim filed before the Comissioners, officer, or Department, and the parties filing the same must have had a substantial interest in it and entitled in law to participate in the proceeds of whatever allowance might be made. Strangers to the estate of a deceased person, having no beneficial or legal interest in the property at the time of taking, by filing a petition with the Commissioners, officer, or Department, could not preserve the rights of the real parties from the bar of the statute, and such petition or presentation will not be regarded by the court as a sufficient basis to sustain a suit in the name and interest of the parties in interest.
The jurisdiction of. the court under the Bowman Act as to the power of Congress to refer is defined by the first section of the act and is broad and comprehensive. The term “claim or matter” necessarily includes everything which maybe the subject of consideration in. either branch of Congress “which *135 involves the investigation ancl determination of facts.” The object of tbe law is to furnish to Congress a judicial determination of the facts incident to the “claim or matter” which is pending before a committee or either House of Congress, so that Congress may apply their judgment, will, and discretion, in the disposition of the “claim or matter.” Upon the broad jurisdiction as recognized by the first section, the third section imposes a limitation; so that while Congress may refer a matter to the court upon consideration, the court may determine by the limitations of the third' section that it has no jurisdiction to make a report as provided in the latter clause of the first section.
The claim which was sent by Congress is not determined arbitrarily from the exact phraseology of the letter transmitting it, but the'court will look into the accompanying papers and thereby determine from the record as a whole what claim Congress intended to have investigated. The statute provides that the “ vouchers, papers, proofs, and documents ” pertaining to the claim shall be transmitted to the court to be proceeded with under such rules as the court may adopt.”
The reference of the committee, for the purpose of determining the identity of the claim, embraces the petition and such other papers of the previous proceeding as tend to state the right of the party to a finding. In this case, it was clearly disclosed by the petition before the Commissioners of Claims, that the property belonged to the husband, and whatever rights the claimant had depended upon his loyalty, and upon that theory the Commissioners of Claims passed upon the loyalty of the husband. The statute provides “ that the person who furnished such supplies or stores or from whom such supplies or stores were taken did not give aid or comfort to said rebellion, but was throughout that war loyal to the Government of the United States.” These stores and supplies were taken from the husband, so that it is his loyalty which by the reference of this claim must be found by the court.
In the case of Moore (26 C. Cls. R., 254), it is in substance decided, that the wife, children, next of kin, or legatees of decased claimants, or the creditors may prosecute a suit; that where a case is prosecuted as a matter of legal right it must be in the name of the fiarty having the legal title; but where *136 the relief sought not being a matter of legal right is wholly dependent upon the will and discretion of Congress, it is only necessary that the parties entitled shall be disclosed and authenticated by the record.
In the case of Dwyer (23 C. Cls. R., 418), in speaking of the Act of March 3, 1879 (20 Stat. L., 650), establishing a limitation, the court said in maintenance of the jurisdiction of the court under the Bowman Act, “its purpose was to hold claimants to reasonable diligence, and not to set up technical impediments in the way of the administration of justice.”
In the case of Taylor (25 C. Cls. R., 75) it is said: “ Congress intended by the Bowman Act, to authorize either House or any committee to have the facts in any pending matter or business ascertained by this court.”
It is a very familiar rule of pleading, that amendments to the cause of action as originally brought may be made, if they do not introduce distinct causes of action, and that rule is enforced in this court, so that we confine the case to the limits marked by the claim as made before the Commissioners of Claims, the quartermaster, or the Department having jurisdiction of the matter. The Bowman Act in the second clause of the third section, provides: “Nor shall the said court have jurisdiction of any claim against the United States which is now barred by the provisions of any law of the United States.”
This limitation of the statute has been applied to many cases and jurisdiction denied. In the case of Ford (19 C. Cls. R., 519) it is said, “The provisions of the Bowman Act, that this court shall not have ‘jurisdiction of any claim which is now barred by virtue of the provisions of any law’ is not confined to a law of limitation nor to an express law barring the claim in direct terms but extends to every law which has the effect of barring it.”
That decision was made in the commencement of the litigation under the Bowman Act, and has been adhered to in all the cases where the question of limitation has arisen. The presentation must not only be made, but it must be made in good faith with an intention upon the part of the claimant to avail himself of the jurisdiction for the settlement of the claim. The court in the case of Duplantier (27 C. Cls. R., 323) held a claim barred, although filed with the Commissioners of Claims, *137 because tbe party offered as tbe only evidence ex parte affidavits in violation of - tbe rules of tbe Commission, and tbis, altbougb tbe court said in tbe same opinion that “ tbe Bowman Act, being a remedial statute intended to, give redress to tbe claimant and relief to Congress, is liberally construed.”
Tbe statute construed by its own language and in tbe light of decisions made in tbe application of its provisions and tbe law upon the point made in tbe brief of tbe counsel for tbe defendants may be stated as follows: Tbe court will look into tbe record of tbe case as.it existed in tbe Department, Commission, or before tbe officer to whom it was presented, and determine from that record in connection with tbe letter of transmittal of tbe case or claim, what Congress intended to refer for investigation, and from that investigation determine whose loyalty is to be passed upon. Under the decisions of tbis court tbe claimant bad sufficient interest to enable her to bring tbe claim into tbe jurisdiction of tbe court, and upon tbe allegations of tbe petition filed with the Commissioners of Claims, tbe loyalty of tbe husband was in contemplation of Congress when tbe claim was referred, and therefore it is proper that we should pass upon tbe loyalty of tbe husband, which we do by finding him loyal. Tbe claim made before tbe Commissioners and referred to tbe court by tbe committee was that of Jane Cofer, and tbe necessity and requirement of finding the loyalty of her husband, if she derived title from him, does not change tbe character of tbe claim to that of another person.