Howry, J.,
delivered the opinion of the court:
The jurisdiction of the court exists under an act approved March 3, 1883, commonly known as the Bowman Act .(22 *523 Stats., 485). Its object is well expressed by its title, “An act to afford assistance and relief to Congress and the executive departments in the investigation of claims and demands against the Government; ” and the first section is designed to relieve Congress and the committees of that body from the inconvenience and labor' incident to the investigation of claims and demands founded upon supposed legal rights against .the Government. The further object of the act is to secure to the Government the protection of judicial investigation and the consideration of such defenses as may be presented by the Attorney-General and those whom he may select to aid him. These defenses involve pleadings and the examination of witnesses and the procurement of such record evidence pertaining to the matter in hand as the archives of the Government may disclose upon the call of the court. Every claim has the benefit of opposing counsel to cross-examine witnesses offered by claimants; to procure evidence for the Government in rebuttal if it exists, and to arrive at the truth by all those means usual in courts of justice to bring to light all there is in the case. It goes without saying that the Government interests are less likely to suffer where testimony can be sifted in a court of law than in an investigation not judicial in character, because the person interested in the prosecution of a claim before a committee is generally represented by counsel, where the Government is not, and, in the nature of things, can not well be.
The act under which this reference is made, and the extension of that act by the subsequent act of March 3, 1887, commonly known as the Tucker Act (24 Stats., 505), are founded upon the necessities of Congress in the discharge of legislative functions. The Congress may investigate, it is true, as well as appropriate; and this was the practice of the legislative branch, through their committees, before the passage of the acts in question, because of the right of the citizen to petition for redress of his grievances. This is a constitutional right (Amend. I of the Constitution). Though the Congress may and will continue to investigate by their committees such matters as to them may seem proper and make appropriations thereon, the expediency of employing this *524 court to assist them in the premises has not been questioned. It is too clear to admit of misunderstanding that Congress intended by the act before us to authorize either House and any committee to obtain the services of the court in ascertaining the facts in any matter or business pending before them. (Taylor v. United States, 25 C. Cls. R., 75.
Congress have complete legislative control of the District of Columbia. Assuming sole legislative authority over District affairs the Congress deny to citizens of the District the right to vote, or to levy taxes, or to appropriate money, or to incur debt or do any other thing that may or can be done by a city or a county as an integral entity of a State. Any person having legislative business connected with the District is compelled to apply to Congress. (Art. 1, sec. 8, Cons, of the United States.) Under these circumstances there can be no doubt of the jurisdiction of the court to investigate and report a case for such action as Congress may take.
Precluded as the court is from deciding issues of law pertaining to liability, this report can neither be taken as a judgment nor as an award. Neither is it a recommendation for the payment of anything. It is merely a recital of the proven facts. These facts in their relation to the law only constitute material to enable Congress to create a liability by way of gift at discretion. Consequently, no vested right can be considered as acquired by the recital of the facts. As the matter before us is not a legal or equitable demand against the District of Columbia or the General Government, it is for Congress to proceed with the matter as an act of charity, if at all, and by way of exception to the policy of the Government in such cases. The amount of an appropriation, if any shall be made, also rests with Congress. For this reason and because the demand is not a legal or equitable claim, the court can not estimate an amount.
The findings of the court will be transmitted to Congress, together with a copy of this opinion.