Booth, J.,
delivered the opinion of the court:
This is the second reference of this bill under the act of March 3,1887, commonly known as the Tucker Act. Under the first reference findings of fact were reported by the court and duly certified to Congress. Under the second reference some additional testimony was taken and presented to the court and some amendment of the findings was asked. The court is precluded from exercising jurisdiction under the second reference of the same bill under the fourteenth section of the Tucker Act unless its prior findings have been procured through the misconduct of the parties, their attorneys or witnesses, or have been based upon false and fraudulent testimony. (Adolph Hartiens v. United States, 42 C. Cls. R., 42.) There is nothing in the record before us bringing this case within the Hartiens case, and the court is without authority to change the findings.
The second resolution rereferring the case propounds certain interrogatories to which the court is asked to make answer. The interrogatories so propounded are predicated wholly upon the legal liability of the defendants for the injuries occasioned the claimant as set forth in the findings. The Congress has not recognized the liability of the Government for injuries occasioned by the negligent conduct of its agents. The question of relief is wholly a matter of legislative discretion.
*305 The court did not add to its findings that the claimant was without fault, because to have done so would have been a conclusion involving not only the question of an ultimate fact but the law respecting the risk of the claimant as a co-employee with others on the work in which he was engaged.
It is because the claimant has no legal standing that he seeks relief by petition to Congress under the Tucker Act. The facts found in such cases are for the information of Congress, to enable them to determine whether or not the case thereby made is one which appeals to their sense of justice; not justice based on law, nor on the strict rules of equity; but that justice which appeals to the sense of right between men measured by moral rather than legal or equitable rules. The application of such rules is for Congress and not for the court. Therefore, when the court has found the facts in any case referred to it under the Tucker Act and certified such facts to Congress the requirements of the statute have been complied with.
In the case of Widmayer and Bates v. United States (42 C. Cls. R.), the court said:
“Precluded as the court is from deciding issues of law pertaining to liability, this report can neither be taken as a judgment nor as an award. Neither is it a recommendation for the payment of anything. It is merely a recital of the proven facts. These facts in their relation to the law only constitute material to enable Congress to create a liability by way of gift at discretion. Consequently, no vested right can be considered as acquired by the recital of facts.”
While the reference in that case was under the Bowman Act the opinion of the court is directly applicable to findings of fact under the Tucker Act. See also the case of Taylor v. United States (25 C. Cls. R., 75).
This case is a forcible illustration of the limited jurisdiction of the court in references under the fourteenth section of the Tucker Act. We are asked to define the legal status of the claimant under the findings reported. The conclusions thus reported might possibly result in the liquidation of this particular case by an adequate appropriation, and many claimants with equally as good a case, with findings equally as favorable, wherein no conclusions of law appeared, *306 fail of success and their claims go unpaid because of our jurisdictional limitations, the court having heretofore reported findings in similar cases, reciting the facts proven, without any discussion of the legal status of the claimant thereunder.
The original findings of this court will again be transmitted to Congress together with a copy of this opinion.