Richardson, Ch. J.,
delivered the opinion of the court:
This case was transmitted to the court by the Committee on Claims of the House of Eepresentatives, by order of July 5, *120 1884, under the provisions of the Bowman Act (22 Stat. L., 485).
On the 1st day of November, 1884, the claimant filed his petition, according to the rules, setting out several causes of action. The Assistant Attorney-General now moves to dismiss the case for want of jurisdiction, alleging as the ground for it that the claims appear to be barred by the statute of limitation, which by section3 of said act deprives tbe court of jurisdiction.
In the cases of McClure & Porter (19 C. Ols. R., 18) we held that claims were not barred, within the meaning of that section, if they were open to investigation, adjustment, or settlement by any tribunal or public officer. We also held that there was no statute of limitations applicable to the statement and adjustment of the ordinary claims and accounts of which the departments have jurisdiction.
If, therefore, the petition sets out any claims which are within the jurisdiction of the accounting officers of the Treasury, they are not barred, and may be transmitted to this court for trial and the finding of facts.
We think that such claims are set out in the petition. The first nine items or counts allege substantially that between the 31st of October, 1868, and April, 1872, at the request of the United States, the claimant did work and furnished material for the defendants, which they actually received and accepted, and promised to pay him the reasonable value thereof, and have not paid the same. These allegations set out claims which come within the ordinary duties of the accounting officers of the Treasury Department to settle and adjust, under the provisions of Revised Statutes. That is sufficient to take the case out of the provision of the last clause of the third section of the Bowman Act, even though there be other causes of action set out in the petition which have been wholly barred, and which no tribunal or public officer has the power to settle and ' adjust.
The tenth, eleventh, and thirteenth items or counts allege breaches of contract on the part of the defendants other than in the non-payment of money due for work done or materials furnished, and for which they are liable, if liable at all, only for unliquidated damages. We have repeatedly held that the accounting officers of the Treasury Department have no juris *121 diction of sucb claims. The claimant might have brought Ms action in this court for the recovery of such damages within six years after they accrued, but as he did not do so, and his right now to bring such action is gone, that part of his claim is forever barred, and we can have no jurisdiction of it except by act of Congress, or, perhaps, by reference by either house of Congress, under Revised Statutes, section 1059.
Technically, all claims for money, due on contracts, where the exact amount payable is not thereby fixed, as in the case of goods purchased or work done without an agreed price, are claims for unliquidated damages. But they arise necessarily and of course from otherwise fulfilled and executed agreements, and their settlement rarely requires anything more than the ordinary processes of accounting, the prices being readily determined by the vouchers and reports of the public officers incurring the expenses, or by other means within reach of the accounting officers, who very properly take jurisdiction and pass upon such claims. (McClure's Case, 19 C. Cls. R., 179.)
When serious controversies arise in such cases they may be transmitted to this court for adjudication, under either the Devised Statutes, section 1063, or the Bowman Act (March 3, 1883, ch. 116, 22 Stat. L., 485).
But claims for unliquidated damages founded on neglect or breach of obligations contrary to the terms of a contract, and not necessarily arising therefrom, are of quite a different class. They must be sustained by extraneous proof, often involving a broad field of investigation and requiring the application of judgment and discretion upon the measure of damages and the weight of conflicting evidence. As was said in Power’s Case (18 C. Cls. B., 275), “ The results to be reached in such cases can in no sense be called an account, and are not committed by law to the control and decision of Treasury accounting officers.” (See Brminen's Case, post —, where the authorities are more fully cited.)
The court has jurisdiction of those claims set out in the petition which might have been adjusted in the Treasury Department, and that is sufficient to require us to proceed with the case.
The defendants’ motion is overruled.