Davis, J.,
delivered tbe opinion of tbe court.
In March, 1882, McGinnis, the plaintiff herein, entered into a contract with tbe Post-Office Department to carry tbe mails upon tbe lower Mississippi; this contract be afterwards sublet, with tbe consent of tbe Post-Office Department, to Gurley and Belt, for whose use be now sues. Tbe service was subsequently increased, aud an extra allowance was made tbe contractor and subcontractors.
In October, 1882, Gurley and Belt employed Harper and Belt, who were proprietors of a steamboat line upon tbe Mis *156 sissippi, to carry the mails upon this route, and they were succeeded in this service by the Eed Eiver and Coast Line Company. In December, 1885, the Postmaster-General annulled the contract with McGinnis, and awarded a contract for the same service to the Eed Eiver and Coast Line, which was then in fact carrying the mails (in place of Harper and Belt and by agreement with them) for the subcontractors under Mc-Ginniss. This contract was made evidently for economy, and the McGinniss contract was annulled, because it appeared that the mails were being transported by parties other than the subcontractor. The legality of the action of the Postmaster-General in thus terminating the contract is the issue now presented.
The law of May 17, 1878, contains provisions relating to the subletting of post-office contracts (act May 17, 1878, 1 Sup). Rev. Stat., 2d ed., p. 164). Therein the “subletting or transfer ” of a contract is forbidden “ without the consent in writing of the Postmaster-General;” otherwise the contract “shall be considered as violated, and the service may be again advertised,” and the contractor with his sureties shall be liable for any damage resulting to the United States.
Section 3 of the same act provides for the course which shall be followed by the contractor when he shall “lawfully sublet” or “ lawfully employ any other person or persons to perform the service by such contractor agreed to be performed, or any part thereof.” Plaintiff did not comply with this section, nor, so far as appears, did he attempt to do so in regard to the service performed by Harper and Belt or the Eed Eiver Line; nor as to them did he comply with the demands of postal regulation No. 626, which contains provisions to enforce the third section of the act of 1878, above cited. It does not even appear whether McGinnis knew of the employment by his subcontractors of Harper and Belt first, and later of the Eed Eiver Company, nor does it appear that the Post-Office Department notified him of the fact prior to annulling the contract. This, however, does not affect the equities of the case, for McGinnis claims no recovery, but sues only for the benefit of Gurley and Belt, who employed Harper and Belt and the Eed Eiver Company to transport the mails for them.
An act passed May 4, 1882, has been discussed at some length, but we do not find it necessary to consider its effect in the view which we take of this case.
*157 Tbe contractor agreed “that this contract shall, in all parts, be subject to the terms and requisitions of an act of Congress passed the 21st day of April, 1808, and of the act of May 17, 1878.” Such an express agreement was not necessary, as in any event the contract was subject to'existing statutes, but as a measure of precaution it was perhaps well to give the contractor notice in fact, as well as in law, of his obligations and duties. The act of 1878, as we have already seen, forbade a subletting of the contract except under certain conditions not fulfilled in this case.
McGinnis’s right under the law and contract was to perform a certain service himself for a certain renumeration. He could, under certain conditions, employ others as subcontractors to perform the service for him, but he was prohibited from pursuing this course unless these conditions were fulfilled under penalty of forfeiture. Not one of the conditions prescribed was fulfilled in this case. The contract having been violated, it remained discretionary with the Postmaster-General to advertise for the service or to continue it. The fact that the letting to the Red River Company was by the subcontractors and not by McGinnis does not benefit him, for they in effect acted as his agents in carrying out the original contract, and, in subletting to them, the various conditions and penalties of the original contract remained in force. Belt and Gurley acquired no rights under the subcontract which McGinnis did not have; they were released from no penalties to which he was subject. The contract was annulled for sufficient cause to — wit, “violating the post-office laws,” and plaintiff is not entitled to any recovery.
Petition dismissed.