RICHARDSON, Oh. J.,
delivered the opinion of the court:
The claimant was subcontractor under four contracts between the United States and different persons for carrying the mails on routes and at rates of compensation therein agreed upon.
Among other things, the petition alleges that each contract provided for “ one month’s extra pay on the amount of service dispensed with, as a full indemnity to said contractor, in case of decrease, curtailment, or discontinuance of service;”
That the contractor sublet to the claimant by written contracts “duly filed in the Post-Office Department and duly accepted by said Department as required by law,” and that by each of said subcontracts the claimant agreed to carry the mails as therein provided, “for the entire compensation stipulated to he paid in said contract between the United States and” the original contractor;
That at different times in various ways therein specified parts of the service were dispensed with whereby the two months’ extra pay provided by the contract in each case accrued to him.
The defendants file a general demurrer to the petition and raise the question whether or not there is privity of contract *55 between tbem and the claimant upon which an action can be maintained by the latter in his own name.
Only two cases have been brought in this Court in which sub-contractors were interested as claimants, and both were in the names of the original claimants for the use of the subcontractors. They throw no light on the question of privity of contract. [Smith, for use of Rochester, 26 Ct. Cls. R., 178; McGinnis, for use of Gurley & Belt, 27 Ct. Cls. R., 146.
The following statute provisions on the subject of subletting are found in the act of May 17, 1878, Ch. 107 (1 Sup. to Rev. Stat., 2d ed., p. 165).
“ Sec. 2. Hereafter no subletting or transfer of any mail contracts shall be permitted without the consent in writing of the Postmaster-General. * * *
“ Sec. 3. Hereafter when any person or persons being under contract with the Government of the Hnited States for carrying the mails, shall lawfully sublet any such contract, or law-fuUy employ any other person or persons to perform the service by such contractor agreed to be performed, or to any part thereof, he or they shall file in the office of the Second Assistant Postmaster-General a copy of his or their contract.
“And thereupon it shall be the duty of the Second Assistant Postmaster-General to notify the Auditor of the Treasury for the Post-Office Department of the fact of the filing in his office of such contract.
“ Said notice shall embrace the name or names of the original contractor or contractors, the number of the route or routes, the name or names of the subcontractor or subcontractors, and the amount agreed to be paid to the subcontractor or subcontractors. ■
“ And upon the receipt of said notice by the Auditor of the Treasury for the Post-Office Department, it shall be his duty to retain, otit of the amount due the original contractor or contractors the amount stated in said notice as agreed to be paid to the other subcontractor or subcontractors, and shall pay said amount, upon the certificate of the Second Assistant Postmaster-General, to the subcontractor or subcontractors, under the same rules and regulations notv governing the payments made to original contractors:
“Provided, That upon satisfactory evidence that the original contractor or contractors have paid off and discharged the amount due under his or their contract to the subcontractor or subtractors, it shall be the duty of the Second As-sifY'mt Postmaster-General to certify such fact to the Auditor of the Treasury for the Post-Office Department:
“And thereupon said Auditor shall settle with the original contractor or contractors, under the same rules as are now provided by law for. such settlements.”
*56 By these .provisions of law, which the claimant in his petition alleges to have been complied with, he became entitled to receive from the United States out of the amount due the original contractor, the'amount agreed to be paid to the subcontractor. This created a privity of contract upon which the subcontractor could maintain an action in his own name.
The learned attorney for the Government contends that such privity extends only to compensation for service actually performed, and not to extra pay for service dispensed with. This position, we think, is untenable. The two months’ extra pay for service dispensed with is as much a part of the original contract as is the pay for service performed. It is not a penalty for breach of contract, but a compensation stipulated for changes in the service.
The subcontracts, which were accepted by the Post-Office Department, each provided that the claimant should receive the “ entire compensation stipulated to be paid in said contract between the United States ” and the original contractor.
The two months’ extra pay for services discontinued was, therefore, part of the entire compensation provided for in the original contracts and passed to the claimant by the terms of his subcontract.
The allegation of the petition that the subcontracts were duly filed in the Post-Office Department and duly accepted by said Department as required bylaw,” we construe to mean that the subcontractor was accepted to perform the contracts “with the consent in writing of the Postmaster-General,” as required by the act of 1878. Such consent created a privity of contract between the claimant and the United States for the entire compensation of the original contractor.
In further support of the demurrer, the defendants’ attorney, in his argument, relies upon the statute of limitation applicable to some of the claims set up in the petition. This leaves other claims which require to be answered by the defendants. A defense to part is not sufficient ground for sustaining a general demurrer to the whole when the petition contains any causes of action well pleaded. (Dennis’ Case, 20 C. Cls. R., 119.)
The demurrer is overruled. The defendants are directed to plead to the petition, if they so elect, on or before the first day of February next. (See post.)