68 F.Supp. 902 (1946)
UNITED STATES ex rel. COATES
v.
ST. LOUIS CLAY PRODUCTS CO. et al.
No. 2299.
District Court, E. D. Missouri.
November 22, 1946.
*903 Sonnenschein, Berkson, Lautmann, Levinson & Morse, and I. E. Ferguson, all of Chicago, Ill., William R. Gentry, John L. Gilmore and Raymond F. McNally, all of St. Louis, Mo., for plaintiff.
A. J. Haverstick and C. Arthur Anderson, both of St. Louis, Mo., for defendant St. Louis Clay Products Co.
C. Arthur Anderson, of St. Louis, Mo., for defendant E. T. Davenport.
Lashly, Lashly, Miller & Clifford, Jacob M. Lashly and Israel Treiman, all of St. Louis, Mo., for defendants Fruco Const. Co. and Fruin-Colnon Contracting Co.
Lashly, Lashly, Miller & Clifford, Jacob M. Lashly, Israel Treiman and W. Edwin Moser, all of St. Louis, Mo., for defendant Massman Const. Co.
HULEN, District Judge.
This case is before the Court upon motion of plaintiff to strike parts of the amended answer of defendants Fruin-Colnon Contracting Company, Fruco Construction Company and Massman Construction Company, filed November 8, 1946, and upon motion of plaintiff to strike portions of the amended answer of defendant St. Louis Clay Products Company, filed November 12, 1946. Among the allegations of the pleadings thus attacked is a plea of "settlement" (page 7). Plaintiff objects to defendants' plea of "settlement" on the grounds: (1) The False Claims Statute, 31 U.S.C.A. § 231 et seq., gives no authority to any officer to release the cause of action; (2) The plea does not allege settlement or release as a matter of law; and (3) The plea does not come in time.
The objection that the amended pleadings are filed out of time does not appeal to the Court. This case is set for trial on December 9, 1946. The amended answers were filed November 8 and 12, 1946. Plaintiff has had copies of the amended answers since September, 1946. Federal Rules of Civil Procedure, Rule 15, 28 U.S. C.A. following section 723c, provide that leave to amend "shall be freely given when justice so requires". If defendants have in fact settled this law suit "justice" would not be promoted by denying them the opportunity to defend on that ground.
Plaintiff having had notice of the amended answers' contents prior to their request for a setting of the cause, is not in a position at this date to object to lack of notice.
Does the answer raise the defense of settlement as a matter of law? That we consider the crucial point under the motion. If the answer on the plea of settlement were sustained by proof, would that record show either settlement as a matter of law or create a submissible issue for the jury? If so, the pleading is good; if not, it serves no purpose in the pleading. Pertinent parts of the "settlement" plea are:
"* * * after the filing of the amended complaint herein, plaintiff United States * * * executed an instrument and paid the sum of $91,732.99 in settlement of the balance of money claimed by these defendants to be owed to them by the United States on account of the services performed by them under the contract of December 11, 1940, and supplements thereto, * * *; that said instrument of settlement was executed and said payment was made with full knowledge by the Government of the filing of this suit and of the charges made in the amended complaint therein; * * * that said payment was made after numerous and exhaustive investigations had been conducted on the part of the Government * * * of all the matters and charges involved in this suit, and after full reports of the findings and results of these investigations were in the possession of * * * (the Government); *904 that said instrument of settlement was executed and payment thereunder was offered by the Government and accepted in behalf of these defendants after negotiations between the Government and these defendants; and that said instrument of settlement and payment thereunder released these defendants and forever discharged them from the alleged causes of action set forth in the amended complaint. * * *" (Emphasis added.)
A copy of the alleged "instrument of settlement" is attached to the pleadings. It specifically provides that the sum paid by the Government is "on account of balance of fixed fee for services as general contractor on St. Louis Ordnance Plant." The account numbers are set forth in the "instrument", after which follows this line: "The amount of $1,568.65 is suspended pending further consideration of adjustments in the involved account. The enclosed Treasury check is in settlement of said claims". (Emphasis added.)
Consideration of the language of the plea in the answers and the instrument attached and made a part thereof fails to evidence a statement of facts upon which liability in the present suit was settled or intended to be settled. In this suit we have a claim against the contractors. It would be odd indeed to assume, in the absence of allegations of fact upon which to base the assumption, that the Government paid the contractors a consideration to release the contractors from a tort liability to the Government. There is no reference of any consideration flowing to the Government. The answers allege categorically that the sum paid the defendants was "in settlement of the balance of money claimed by these defendants to be owed them by the United States on account of the services performed by them under the contract of December 11, 1940, and supplements thereto". The exhibit confirms this part of the pleadings and closes with the line, "The enclosed Treasury check is in settlement of said claims", referring to claims of specific numbers and for a specific service rendered by the defendants to the Government. The fact that the payment was made by the Government to the defendants after knowledge of this suit, after investigations had been conducted in this suit, after report of the results of the investigations, and after negotiations, does not amount to anything more than a charge by the pleader that with such information of an independent cause of action against the defendants, which the Government was at liberty to take over, that the Government did not elect to hold up settlement of a specific claim on specific accounts of the defendants, or claim an offset.
In considering whether defendants have raised an issue of settlement we have not been unmindful of the peculiar character of the present suit. Whether the United States is the real party in interest, an informer suit under the 1943 amendment, 31 U.S.C.A. § 232, may be brought and carried on by any person as well for himself as for the United States. The amended act gave the Government a certain period within which to take over a suit initiated by an informer and thereafter to carry on the suit and to proceed "in all respects as if it were instituting the suit". However the law provides that if the United States fails to carry on the suit "with due diligence * * * such suit may be carried on by the person bringing the same." We think these provisos of the law are susceptible of only one interpretation as respects the present question and that is, even though the Government agents conclude, for reasons sufficient to satisfy them, that recovery cannot be made on alleged fraudulent claims, such conclusion does not preclude a citizen from maintaining the suit if he can meet the statutory test on revealing information. Assuming the Government would take over any cause in which they thought recovery probable, it is only when the Government reaches a contrary conclusion and for that reason elects not to prosecute the action that the informer will be permitted to maintain the suit. The purpose of the informer statute, as now on the books, is to permit citizens to prosecute this class of action when the Government has failed to do so by failure either to initiate or to take over. It may well be that Government representatives, with the facts of this case before them, drew a *905 conclusion of non-liability. This Court is not bound by their conclusion. This Court may draw a different conclusion from the same facts and a jury may do likewise.
If we are right in this interpretation of the law, knowledge on the part of the Government of the facts of plaintiff's case could well be presumed in all suits prosecuted by an informer. To plead such facts does not change or destroy the action. If it did an informer would never have one.
There are no facts pleaded in the answers or contained in the exhibits from which it can be deduced that the Government and defendants ever intended to negotiate a settlement of the liability of the defendants claimed in the present action. The eminence of counsel representing the defendants prompts the remark that absence of such allegation was not by oversight or accident. The "instrument of settlement" does not purport to refer in any manner to the claim set forth in the complaint in this case. The answers do not allege any ambiguity in the so-called "instrument of settlement", If after this case was filed the Government desired to settle it, the statute is plain on how that could have been done. Viewing the answer and its interpretation most favorable to the defendants, it merely alleges that with full knowledge of this case and the facts upon which it was based the Government paid certain accounts which had been presented by the defendants to the Government. Assume the allegations of the answers in this respect can be sustained it would not constitute settlement.
Evidentiary questions raised by defendants we do not now pass on. Evidence need not be pleaded. An admission, if any were made by plaintiff, is no exception.
Although not suggested by counsel for defendants, we have considered the plea in the answers under the heading of estoppel and waiver. We find no charge in the answers that any act of plaintiff induced the defendants to change their position or take action to their detriment or facts from which such action could be inferred. This is essential to the plea of estoppel.
Waiver, generally speaking, is the voluntary surrender of a known right. It is necessary that the surrenderor be one who has the authority to make the surrender. We know of no law that would authorize or empower the General Accounting Office of the Government in a case of this kind, under the circumstances pled, to waive the right of plaintiff to prosecute this case or settle it.
In support of their position that the payment through the General Accounting Office of Claim No. 0983607 constituted settlement, and that the General Accounting Office had authority to settle the "claim" represented by the allegations of plaintiff's complaint, defendants direct attention to Section 71, Title 31, U.S.C.A., R. S. § 236, June 10, 1921, c. 18, § 305, 42 Stat. 24. We have read Section 71 and the cases cited in support of defendants' contention and we are unable to agree with defendants on the abstract point that the General Accounting Office under the Statute cited was authorized to "settle" a suit of the character represented by the complaint in this case. In the case of Lambert Lumber Co. v. Jones Engineering & Construction Co., 8 Cir., 47 F.2d 74, 76, the question presented was to "ascertain the amount actually due under the contract." In the Lambert Lumber Company case the Court said: "We do not, as indicated before, pass on the question of whether all settlements of claims and demands for or against the government must be made by the Comptroller General to be final settlements under section 270, title 40 U.S.C.A., as that question is not before us." (loc.cit. 85 of 47 F.2d)
It is our opinion that Section 71 gives to the General Accounting Office jurisdiction to settle claims for money due on contracts though the exact amount be not fixed, but that no power is given to the General Accounting Office by this section to settle claims founded on tort or breach of obligations contrary to the terms of the contract. The General Accounting Office has no general authority to award *906 damages as for tort; its jurisdiction is confined to matters of accounting arising ex contractu or by operation of law.
We find no decision of the courts interpreting Section 71 but its interpretation has been before the Court of Claims on many occasions. Section 71 was originally enacted in 1817, 14th Cong., 2d Sess., c. 45, § 2, 3 Stat. 366, and provided for the settlement and adjustment of claims in the Treasury Department. The Statute was amended in 1921. The effect of the amendment, 42 Stat. 24, was to remove the settlement and adjustment of accounts from the Treasury Department to the General Accounting Office. Prior to the amendment of 1921 the Statute came before the Court of Claims on a number of occasions and the decisions of the Court of Claims uniformly were to the effect that no authority was given for the settlement of tort claims under the Statute. In the case of Power v. United States, 1883, 18 Ct.Cl. 263, the Treasury Department had refused to pass on a claim and the Court of Claims in sustaining the action of the Treasury Department held:
"In this conclusion that the Department had no authority to settle such a claim the Secretary was right. The laws regulating the payment of money from the Treasury, in the current business of the Government, are reviewed at length by our brother Richardson in his opinion in McKee's Case (12 Ct.Cl. [504], 555). He shows clearly that the laws provide only for the settlement and payment of accounts. An account is something which may be adjusted and liquidated by an arithmetical computation. One set of Treasury officers examine and audit the accounts. Another set is intrusted with the power of reviewing that examination, and with the further power of determining whether the laws authorize the payment of the account when liquidated. But no law authorizes Treasury officials to allow and pass in accounts a number not the result of arithmetical computation upon a subject within the operation of the mutual part of a contract.
"Claims for unliquidated damages require for their settlement the application of the qualities of judgment and discretion. They are frequently, perhaps generally, sustained by extraneous proof, having no relation to the subjects of the contract, which are common to both parties; * * * The results to be reached in such cases can in no just sense be called an account, and are not committed by law to the control and decision of treasury accounting officers." See also, Dennis v. United States, 1885, 20 Ct.Cl. 119; McClure v. United States, 1884, 19 Ct.Cl. 173; Brannen v. United States, 1885, 20 Ct.Cl. 219.
Plaintiff further complains of the inclusion in the amended answers of matters of law which have heretofore been submitted and passed on by the Court. We think the motions and orders made on that phase of the case make a complete record and preserve any points the parties might hereafter desire to raise on past rulings. However we see no harm that can result to either party from leaving such pleas in the answers. We assume they have been included as a precaution on the part of defendants should circumstances call for a reconsideration. Those issues will not be litigated in the trial before the jury of the case on its merits.

Order
The last paragraph on page 7 of the amended answer of defendants Fruin-Colnon Contracting Company, Fruco Construction Company, and Massman Construction Company, filed November 8, 1946, commencing with the words "For further answer and defense" and ending with the words "Exhibit A" is on motion of the plaintiff stricken from the pleading, together with Exhibit A attached to said amended answer, and like matter appearing in the separate answer of St. Louis Clay Products Company, filed November 12, 1946, and appearing on pages 7 and 8 of said last referred to answer, commencing with the words "For further answer and defense" on page 7 and ending with the words "of other defendants' answer", appearing on page 8, is stricken from said last referred to answer for the same reasons above set forth.