Nott, J.,
delivered the opinion of the court:
In the preliminary investigation of loyalty which is required by the Bowman Act (§ 4,) in certain Congressional cases the court, as a matter of kindness to claimants, who can ill afford needless expense, has heard the cases before petitions have been filed or administration taken out, but has suspended the finding of loyalty until the proper party should appear and file his petition.
In the present case that course was pursued. On the hearing it appeared, both in the evidence and by the statement of counsel, that the original claimant had died before the claim reached this court, and it did not appear whether administration had been taken out, or whether the parties in interest are legatees, creditors, or next of kin.
The court, being satisfied on the question of loyalty, suspended further action until a petition should be filed. There-. upon the claimant’s attorney filed a petition, verified by himself, in the name of the original claimant, as if he were still living. At the same time, it must be added, the files of the court do not disclose a power of attorney such as is necessary to authorize an attorney to verify a petition. (Rule 32.)
It is the duty of the court on its own motion to order that this petition be dismissed. A suit can not be begun or prosecuted or continued by a deceased person; and if authority to bring a suit be given by the party in interest and remain unex-ecuted, the power of course will expire with his death.
With regard to administration the court does not make an order. The general practice in Congressional cases, where the original party in interest is deceased has been to prosecute them by the legal representative, who would be authorized to prosecute a suit at law. But the practice has been more a habit of legal training than a necessity of the case. The recent action of Congress in regard to the payment of the French spoliation awards (Act 3d March, 1891, 26 Stat. L., 908) shows a legislative intent to deal with the parties in interest, the next of kin, rather than with the legal representative of the estate of a deceased claimant.
If a Congressional case be prosecuted by the wife and children, the next of kin, or the legatees of the deceased party, Congress will have the facts before them and can provide for *256 the payment of the money as may seem best. If creditors are the real parties in interest, they can take out letters of administration and'prosecute the claim by the legal representative of the estate, who will bring the money when he receives it into a probate court for distribution. But where there are no creditors seeking relief, there is no reason why Congress should not deal directly with the persons who are to be aided by their legislation.
Where a cause of action is prosecuted as a matter of legal right, it must necessarily be prosecuted by its owner, — i. e., the person in whom the legal title is vested, be he a natural person or a body corporate, an administrator, executor, or trustee. But in these Congressional cases, where the recovery, if any, will not be of right, but ex gratia, and wholly dependent upon the will of Congress, it is only essential that the parties who ought to participate in such relief as Congress may grant shall be fully disclosed and authenticated upon the record.
The order of the court is that the petition filed the 24th March, 1891, purporting to be the petition of Wright A. Moore, be dismissed, as being the petition of a party then deceased and filed without authority of the parties in interest.