**WOODBURY GRANITE CO. v. UNITED STATES.**

No. 44386.

Court of Claims.
March 5, 1945.

Fred B. Rhodes, of Washington, D. C., for plaintiff.

J. R. Wilheim, of Washington, D. C., and Francis M. Shea, Asst. Atty. Gen. (George E. Heidlebaugh, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHALEY, Chief Justice.

The facts in this case have been stipulated and are adopted by the Court as its special findings of fact.

It appears from the facts that there is due from the defendant $350 representing increased costs of performance due to enactment of the National Industrial Recovery Act, 48 Stat. 195. The right of recovery is statutory, Act of June 25, 1938, 52 Stat. 1197, 41 U.S.C.A. § 28 note.

The sole defense is nul tiel corporation. This issue would ordinarily be raised by a special plea, absent in this case, under the rule that the issue raised by a general traverse admits capacity to sue, United States v. Insurance Companies, 22 Wall. 99, 22 L.Ed. 816, but this has been waived by stipulation.

The petition was filed on December 15, 1938, when the Woodbury Granite Com-

pany was still a corporation of the State of Vermont. On December 16, 1942, it filed with the Secretary of State for the State of Vermont and with the Commissioner of Taxes for that State a sworn statement, provided for in Section 1008 of the Public Laws of Vermont (1933), which statement is as follows:

"We, Joseph T. Smith, President, and Warren R. Austin, Jr., Clerk of the Woodbury Granite Co., Inc., a corporation organized and existing under the laws of the State of Vermont and having its principal place of business at Burlington in the County of Chittenden, and State of Vermont, hereby certify:

"That the obligations of said Woodbury Granite Co., Inc. to its creditors have been discharged by operation of law or otherwise; that all of the assets of said corporation remaining after the discharge of its obligations to creditors have been apportioned among its stockholders according to their respective rights (no assets remaining for that purpose); that claims or demands do not exist against such corporation; and that such corporation is not the owner of real or personal estate located within this state or elsewhere.

"Dated at Burlington, in the County of Chittenden, this 15th day of December 1942."

The defendant contends that the Woodbury Granite Company, by virtue of this declaration, and of Section 1009 of the Public Laws of Vermont (1933), is no longer in existence.

Section 1009 reads as follows:

"Sec. 1009. Corporate functions cease. A corporation causing the sworn statement mentioned in the preceding section to be filed with the secretary of state and the commissioner as therein set forth, shall not thereafterwards, in this state or elsewhere, conduct or transact any corporate business, nor possess any corporate functions, except in case proceedings are instituted against such corporation by creditors or stockholders and then only for the purpose of adjusting the rights of such credi-

tors or stockholders; and such corporation and all rights and privileges existing thereunder, except as set forth in this section, shall cease to exist."

The parties hereto are in apparent agreement that the corporation that brought this suit is not now in existence. That conclusion seems inescapable. No survivorship is provided for the purpose of prosecuting suits. Section 1009 says that with the filing of the statement the corporation shall not "possess any corporate functions," with certain exceptions not here relevant.

It was said in Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 259, 47 S.Ct. 391, 392, 71 L.Ed. 634: "It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution cannot be distinguished from the death of a natural person in its effect. * * *"; citing numerous cases.

In the case we have here we might go farther and say that the corporation is not now in existence. Certain it is that a nonexistent person can no more sue than he can be sued. Here there is no entity in whose favor judgment may be rendered. Indeed the attorney for the petitioner is in a situation where his erstwhile principal is dead, so to speak. As was said in Moore's Estate v. United States, 26 Ct.Cl. 254, 255, "* * * if authority to bring a suit be given by the party in interest and remain unexecuted, the power of course will expire with his death." Those entitled to the judgment, if any there be, are not in court in their own proper persons or by attorney.

We know of no case in this court, and none in any other court has been cited, where a corporation, in existence when suit was instituted and going out of existence before judgment and not represented in court by assignee or liquidator, became even nominally a judgment creditor.

The only judgment possible under the circumstances is a judgment of dismissal.

The petition is therefore dismissed. It is so ordered.