**JONES v. SCHELLENBERGER et al.**

No. 10526.

United States Court of Appeals
Seventh Circuit.

April 18, 1952.

Rehearing Denied June 19, 1952.

William L. Kelley, Chicago, Ill., for appellant.

Harold E. Marks, Edward H. Enright, Herman Herson, and Wm. E. Rodriguez, all of Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

Ralph D. Schellenberger, a resident and citizen of the State of Texas, died July

1, 1945, and left surviving him as his heirs at law and next of kin Billie P. Schellenberger, his widow, and a minor child, both of whom have since continuously been residents of the State of Texas. Letters of administration were issued from an appropriate court of Texas, naming the widow as administratrix of his estate. As such administratrix, on October 14, 1948, she commenced, in the District Court for the Northern District of Illinois, a suit for an accounting and other relief against the defendant James A. Schellenberger, a brother of the decedent, the two of whom had been engaged as partners in a business in Chicago. It was alleged that plaintiff was a resident of the State of Texas and defendant of the State of Illinois and that the requisite amount was involved to confer diversity jurisdiction.

Defendant answered the complaint and set up what in effect was a plea in bar to the relief sought. In the meantime, plaintiff was married to one Jones and her name as plaintiff-administratrix was changed accordingly. On October 31, 1950, the court rendered a decision adverse to defendant's contention and directed that an accounting be rendered. In the meantime and upon petition of the defendant, one Thomas J. Phelan was appointed administrator of the decedent's estate by the Probate Court of Cook County, Illinois. On December 19, 1950, the Illinois administrator filed his appearance and moved that he be substituted as party-plaintiff. Before this motion was acted upon, Phelan resigned and the LaSalle National Bank was appointed as administrator de bonis non. The said bank filed a similar motion for leave to be substituted, but before the court acted thereon it resigned, and there was appointed by the same court the instant appellant, Noah J. LaReau, as the second administrator de bonis non, who renewed the motion for substitution. The matter was referred to a Master-in-Chancery who, after a hearing, rendered a report and recommended that the motion for substitution be denied. The appellant objected to the report of the Master, which objections were, on September 20, 1951, overruled by the court, and a decree was entered denying appellant's request to be substituted as party-plaintiff.

From this order the appeal comes to this court.

The sole question presented on this appeal is whether the court erred under the circumstances in refusing to allow the substitution of the Illinois administrator as party-plaintiff for and in place of the Texas administratrix.

Appellant contends that the court had no discretion in the matter but was under a mandatory duty to allow such substitution, and relies entirely upon Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A. entitled "Capacity to Sue or Be Sued", in connection with Sec. 419, Chap. 3 (Ill. Rev.Stats.1949), entitled "Right to Sue."

Rule 17(b) provides, so far as here material:

"The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all *other cases* [italics ours] capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *."

Obviously, plaintiff having sued in her representative capacity comes within the category of "other cases."

The Illinois statute relied upon as "the law of the state" evidently makes provision for two situations, (1) where no letters of administration have been issued in the State at the time an action is commenced by a foreign administrator, and (2) where a local administrator is appointed subsequent to the commencement of the action. As to the first situation, the statute provides:

"When no letters are issued in this state upon the estate of a non-resident decedent or ward an executor, administrator, guardian, or conservator to whom letters are issued on the estate by a court of competent jurisdiction of any state or territory of the United States may sue in this state in any case in which a resident executor, administrator, guardian, or conservator may sue."

As to the second situation, the statute, so far as here material, provides:

"If after the proceedings are commenced letters are issued on the estate in this state, upon motion the resident executor, administrator, guardian, or conservator shall be substituted for the non-resident executor, administrator, guardian, or conservator * * *."

Thus, it is plain the provision as to the first situation relates only to the capacity to sue, and as to the second situation to the right of substitution by a local administrator appointed subsequent to the commencement of the action. It should be kept in mind that Rule 17(b) relates solely to "Capacity to Sue or Be Sued", and makes the law of the State controlling only in that respect. Conversely, the rule does not purport to make provision for the substitution of parties.

It is not disputed but that plaintiff was a proper party to bring the action, in other words, possessed the "Capacity to Sue". Defendant in his answer to the complaint attempted to interpose a bar to the relief sought. The issue thus raised was decided adversely to the defendant and he was directed to account. Subsequently, he obtained the appointment of an Illinois administrator. It is plain, so we think, that the defendant could not have successfully raised the issue as to plaintiff's capacity to sue at that late date. Rule 9(a) provides:

"When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge."

By reason of this rule, it has been held that the issue is waived unless raised either in the answer or prior thereto. Coburn v. Coleman, D.C., 75 F.Supp. 107, 109; Suders v. Campbell, D.C., 73 F.Supp. 112; Woodbury Granite Co. v. United States, 59 F.Supp. 150, 103 Ct.Cl. 226.

Thus, defendant could not have raised the issue of capacity but, with an adverse

decree, procured the appointment of an Illinois administrator of his own selection, apparently for the purpose of having such administrator substituted as party-plaintiff so that the accounting might proceed with a friendly adversary. In our view, the rules do not contemplate such an incongruous result, and certainly Rule 17(b), upon which appellant relies, does not so require because it bears no relation to the matter of or the right to substitution.

The only case called to our attention or which we are able to find in which the question before us has been discussed is La Salle National Bank v. Pennsylvania R. Co., D.C., 8 F.R.D. 316. While the court there uses some language favorable to appellant, the fact is that the only question which the court had before it was which of two administrators, each of whom had brought suit on the same cause of action, should be permitted to proceed, the suit having been commenced by a local administrator prior to that by the foreign administrator. The question was raised at an appropriate time by the local administrator and the court held that the foreign administrator was without capacity to maintain the suit. We think this holding was correct, although there is some language in the opinion to which we do not subscribe.

Our view that Rule 17(b) is not concerned with the right of substitution is strengthened, so we think, by the fact that Rule 25, entitled "Substitution of Parties", prescribes in detail the circumstances under which substitution is permissible. It is hardly likely that the rulemakers would have treated the matter of substitution in piecemeal fashion. It is more reasonable to think that they treated the matter of "Capacity to Sue" and that of "Substitution" as separate and distinct. The former was covered by Rule 17(b) and the latter by Rule 25.

The Rules of Civil Procedure are designed to prescribe the procedure in Federal courts. The question of substitution of parties is procedural, recognized by the rules as such, and not controlled or governed by local law. Particularly is this so in the absence of a specific requirement to that effect and, as we have shown, there

is no such requirement in Rule 17(b), relied upon by appellant.

If appellant as the Illinois administrator has any interest in the accounting which defendant has been ordered to make, for the purpose of protecting Illinois creditors or for other good reason, we have no doubt but that the court upon a proper showing would permit intervention, and what we have said is without prejudice to any right he may have in this respect.

Plaintiff argues that the Illinois statute (to which we have heretofore referred) is unconstitutional if applied as appellant would have us do. We think this contention is not without merit in view of the recent decision of the Supreme Court in First National Bank of Chicago v. United Air Lines, Inc., 1952, 72 S.Ct. 421. Appellant's contention, if accepted, would mean that plaintiff as a foreign administrator has been granted the right to commence her action, pursue it to a point of a favorable decision on the merits, and at that point deprive her of the right to proceed further, under the pretext that her capacity to sue has been withdrawn. In view of what we have held, it is not necessary, however, and we refrain from deciding the constitutional question.

The order denying appellant's motion to be substituted as a party-plaintiff is

Affirmed.