### JONES v. SCHELLENBERGER.
### No. 10696.

United States Court of Appeals
Seventh Circuit.
Jan. 16, 1953.

William E. Rodriguez and Richard P. Garrett, Chicago, Ill., for appellant.

Harold E. Marks, Edward H. Enright and Herman Herson, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

A phase of the suit out of which the instant controversy arises was before this court in Jones v. Schellenberger, 196 F.2d 852. We refer to our opinion in that case for the details relative to the origin and nature of the case. As there shown, plaintiff as the administratrix of the estate of her deceased husband, Ralph D. Schellenberger, brought suit against James A. Schellenberger, the instant defendant, for a part-

nership accounting. Jurisdiction rested upon diversity of citizenship, with the requisite amount involved. The matter was referred to a Master and, after the defendant learned of a likely adverse decision, he petitioned and obtained the appointment of an administrator in the Probate Court of Cook County. The Illinois administrator then petitioned the District Court for leave to be substituted as a party-plaintiff. This petition for leave to substitute was denied by the District Court, which denial was affirmed by this court, as shown by the above cited case.

Subsequently, plaintiff petitioned the District Court for an order appointing a receiver to take charge of the partnership assets and for an order restraining the defendant from disposing of such assets or any money which he had received from the sale of such assets. The matter was referred to a Master, a hearing was held and a report made recommending that a receiver be appointed and an injunction issued. Defendant's objections to such report were overruled and an order entered in conformity with the recommendations of the Master. Defendant appeals from this order.

 Defendant appears to argue two propositions, (1) that the court was without jurisdiction of the subject matter, and (2) in any event, that the order appointing a receiver and providing for an injunction was improvident. We think there is not a scintilla of merit in either contention.

The argument as to jurisdiction appears to be an afterthought. No such question has heretofore been raised; in fact, the jurisdiction of the court was recognized by seeking to have the Illinois administrator substituted as a party-plaintiff. Defendant cites cases in support of his contention that the question of jurisdiction can be raised at any stage of the proceeding. We, of course, recognize this principle but it is without application here. There can be no doubt but that the District Court acquired jurisdiction of both the parties and the subject matter. Although it is not plain, it appears to be defendant's position that such jurisdiction was lost upon the subsequent appointment of an Illinois administrator. No case is cited which supports this conten-

tion and we know of none. Of course, if the Illinois administrator had been appointed previous to the commencement of the instant suit, a different question might be presented, one, however, which there is no occasion to discuss or decide. In fact, it appears that the procurement by defendant of the appointment of an Illinois administrator was not for the purpose of protecting Illinois creditors but, as we previously observed, 196 F.2d at page 854, "so that the accounting might proceed with a friendly adversary." As to the argument that the Illinois creditors are entitled to protection, we reiterate our previous statement, 196 F.2d at page 855, "If appellant as the Illinois administrator has any interest in the accounting which defendant has been ordered to make, for the purpose of protecting Illinois creditors or for other good reason, we have no doubt but that the court upon a proper showing would permit intervention, and what we have said is without prejudice to any right he may have in this respect."

Further, we are of the view that the order appealed from was properly entered. At the hearing before the Master, it was shown that defendant had sold the partnership assets or a portion thereof to one Joseph Eisenberg for the sum of $65,000. In connection with this sale, he executed a bill of sale, an affidavit under the Bulk Sales Law of Illinois in which he stated that the property was his and that there were no unpaid creditors, and assigned leases of premises whereon the partnership business had previously been conducted. This sale was made while a decree for an accounting was in effect, without notice to the Master, court or the plaintiff. After this sale was made, defendant appears to have left the jurisdiction of the court; at any rate, he was not present at the hearing before the Master and his own counsel stated that he did not know his whereabouts. There is sufficient reason to believe, both from the instant and the previous record, that defendant was studiously attempting to thwart the accounting which he was obligated by court decree to render.

Under the circumstances shown, the court could not well have done otherwise

than enter the order complained of. Certainly defendant is in no position to complain of a requirement that the assets of the partnership be preserved under the custody and control of the court until such time as their ownership is adjudicated.

The order appealed from is

Affirmed.