Mitchell **BOURAZAK**, Plaintiff-Appellant,

v.

The **NORTH RIVER INSURANCE COMPANY**, a Corporation, Defendant-Appellee.

No. 15908.

United States Court of Appeals
Seventh Circuit.

June 1, 1967.

Glenn J. Church, Peoria, Ill. (Smith, Whitney & Church, Peoria, Ill., on the brief), for appellant.

Samuel Levin, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, MAJOR, Senior Circuit Judge and KNOCH, Circuit Judge.

MAJOR, Senior Circuit Judge.

Plaintiff commenced this action March 8, 1963, in the Circuit Court of Peoria County, Illinois, to recover from defendant on two policies of insurance. Policy No. 751770, issued January 13, 1961, insured the family dwelling house against loss by fire for an amount not exceeding its cash value at the time of the loss or, in any event, not exceeding $60,000. Policy No. HO 27 2092 covered personal property. Both the house and personal property were totally destroyed by fire on March 10, 1962. The loss sustained on personal property was paid by defendant and that policy is no longer involved.

The policy on the house was issued to Edward G. Shemas, the title owner, who on June 22, 1962 submitted a statement in proof of loss in which he alleged that the actual cash value of the property at the time of the fire was $37,500, which amount defendant paid. The house policy contained an Extension of Coverage provision which provided that the insurer would, under expressed conditions, pay the replacement or repair cost of the house, which payment would not exceed the difference between $60,000 and the amount of the loss which had been paid. Thus, the limit of such extended coverage was the difference between $60,000 and $37,500, or $22,500. Subsequent to receiving the aforesaid payment, Shemas assigned to plaintiff any further interest in the policy.

On March 28, 1963, on defendant's petition, the action was removed to the United States District Court, Southern District of Illinois. There, defendant moved to strike the complaint and dismiss the suit because of plaintiff's failure to state a cause of action entitling him to the relief sought. This motion, after a hearing before Judge Frederick O. Mercer, was allowed and the complaint dismissed on May 1, 1964. An amended complaint was filed which, on defendant's motion, was also dismissed by Judge Mercer on November 23, 1964, for the same reason. Thereupon, plaintiff filed a motion for rehearing of the orders dismissing the complaint and the amended complaint, which was denied by Judge Omer Poos on August 10, 1966. From the orders of dismissal and the order denying the motion for rehearing, plaintiff appeals.

The Extended Coverage clause provided that if the building were completely rebuilt the insurer would be liable for the repair or replacement cost, not exceeding $22,500; that the insurer would not be liable for loss "unless and until actual repair or replacement is completed," and that any claim for such additional liability must be made "within 120 days after loss."

Plaintiff in his brief makes no mention of the 120-day limitation period contained in the policy. He alleges, however, that on July 1, 1962, at the time Shemas was paid the sum of $37,500, defendant through its agents agreed "that the balance of $22,500, would be paid upon rebuilding of structure if rebuilding was commenced within 180 days from the date of the payment of the $37,500."

Presumably to show compliance with this condition the complaint alleged, "That during the month of December,

1962, plaintiff began removing debris and commenced excavation work preparatory to rebuilding the burned dwelling, and so notified the defendant on or about November 29, 1962, of his intentions to rebuild said structure." The complaint further alleged that it became the duty of defendant to pay the sum of $22,500 on completion of rebuilding of the dwelling.

Judge Mercer in dismissing the original complaint stated:

"There is no allegation in the complaint that the structure covered by this policy has been replaced. * * * the complaint alleges only that plaintiff, during the month of December, 1962, began initial preparation for rebuilding by clearing the lot and doing certain excavating, a fact of which defendant was notified. * * *

"It is clear on the face of the complaint that plaintiff has failed to satisfy the condition precedent of rebuilding the structure upon which any further claim of loss must be predicated. * * * *"

■■ We think the conclusion thus reached is inescapable. According to the allegations of the complaint, plaintiff had 180 days from July 1, 1962 (or until about January 1, 1963) to commence rebuilding the house. Certainly the insured's expressed intention to rebuild and the removing of debris or doing excavation work "preparatory to rebuilding" cannot be held to be in compliance with the alleged condition. As the Court stated in Mandles et al. v. Guardian Life Ins. Co. of America, 9 Cir., 115 F.2d 994, 996:

"The test which shall govern the interpretation of the words, or language employed, is one that is employed 'in the common speech of men'; they are to be given their plain, literal meaning in their ordinary sense."

■ The complaint alleged that on February 25, 1963, defendant denied all liability on its policy. Plaintiff recognizes that the non-performance of a condition precedent contained in an insurance policy is ordinarily a legal defense but argues that it is not applicable here for the reason that defendant denied all liability. It is evident that the denial of liability could refer only to the Extended Coverage clause because, as previously shown, defendant had paid the insured $37,500. The only case cited by plaintiff on this phase of the case is Royal Insurance Co. v. Martin, 192 U.S. 149, 24 S.Ct. 247, 251, 48 L.Ed. 385, where the Court stated:

"A general, absolute refusal to pay in any event, or a denial by the company of all liability under its policy, dispensed with such formal proofs as a condition of its liability to be sued, and opened the way for a suit by the assured in order that the rights of the parties could be determined by the courts according to the facts as disclosed by evidence."

This statement is not pertinent to the instant situation where the insurer denied liability only as to the Extended Coverage provision and such denial was made some two months subsequent to the expiration of the time within which plaintiff was required to meet a precedent condition.

Plaintiff advances another theory in support of his right to recover, based upon the following allegation of his original complaint:

"That if defendant is not obligated under the terms of its policy to pay the sum of $22,500 upon rebuilding, plaintiff states in the alternative that the defendant, by and through its agent, D. J. Smith, on September 1, 1959, recognized the 'Depreciated Insurable Value' of said dwelling to be $53,490, and said defendant has paid to date only the sum of $37,500 and there is due and owing the sum of $15,990 under Policy 75 17 70, as more fully shown by D. J. Smith's letter, a copy of which is attached hereto, marked Exhibit 'C', and made a part hereof."

Smith's letter was directed to the Mueller Insurance Agency, Peoria, Illinois, and concerned an appraisement made apparently of the same building as that after-

ward insured by defendant. What, if any, connection plaintiff had with the letter is not disclosed. It was dated September 1, 1959, and the involved policy was issued January 13, 1961, some 16 months later. We are unable to discern how the contents of this letter bear any relevancy to the rights of the parties as set forth in the policy. We hold that plaintiff's contention in this respect is without merit.

So far, we have considered only plaintiff's original complaint. A study of the amended complaint reveals that it is subject to the same infirmities as the original. Judge Mercer evidently so thought because he dismissed the amended complaint, as he had the original, for failure to state a claim upon which relief could be granted.

Plaintiff devotes considerable effort to the point that this appeal should be treated as an action for declaratory judgment. In both his original and amended complaints he sought only to recover a money judgment. Declaratory relief was not sought or even mentioned until the filing of his brief in this Court. Plaintiff relies upon Tamco Corp. v. Federal ... co Co. of New York, D.C., 216 F. Supp. 767, in which such relief was sought and granted, in support of his argument here for declaratory relief. That case presented a complicated factual situation, as is evidenced by the length of the opinion. The Court held, as we understand, that the insured was not precluded from maintaining an action on an insurance policy for failing to perform a condition precedent, where the insurer denied all liability even though the condition was timely met. In contrast, the insurer in the instant case admitted liability to the extent of $37,500, but denied further liability on the Extended Coverage clause long after expiration of the time for performance. We think Tamco is of no benefit to the plaintiff here.

■■ Even though we indulge in the dubious assumption that the issue is properly before us, in view of what we have said we think that plaintiff is not entitled to a declaration of rights favorable to him. It must be remembered, as stated by this Court in Walker Process Equipment, Inc. v. FMC Corp., 7 Cir., 356 F.2d 449, 451:

"The Declaratory Judgment Act created no new rights, but rather created a new remedy with which to adjudicate existing rights."

See also McGraw-Edison Co. v. Preformed Line Products Co., 9 Cir., 362 F.2d 339, 342, and Maryland Casualty Co. v. Baker, D.C., 196 F.Supp. 234, 238.

The judgment is

Affirmed.