Mitchell **BOURAZAK**, Plaintiff,

v.

The **NORTH RIVER INSURANCE COM-
PANY**, a Corporation, Defendant.

No. P–2583.

United States District Court
S. D. Illinois, N. D.

March 1, 1968.

Glenn J. Church, Peoria, Ill., for plaintiff.

Samuel Levin, Chicago, Ill., for defendant.

## OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

On June 1, 1967, the Court of Appeals affirmed this court's judgments dismissing plaintiff's original and amended complaints and denying his motion for reconsideration of the orders of dismissal. Bourazak v. North River Ins. Co., 7 Cir., 379 F.2d 530. The cause is now before the court upon plaintiff's motion for return of his appeal costs bond and defendant's opposition motion for the taxation of all allowable costs. The latter motion is supported by a bill of costs thereto attached.

The mandate of the Court of Appeals, issued July 5, 1967, and filed herein on July 6, 1967, provided, in part, "that the judgment * * * appealed from be, and the same hereby is, affirmed, with costs * * *." The mandate contained no certification of the amount of the costs to be awarded to defendant.

Thereafter, defendant's motion to recall the mandate for the purpose of taxing costs was denied by the Court of Appeals and a subsequent motion by defendant to supplement the mandate was likewise denied.

The Rules of Court of the Court of Appeals for the Seventh Circuit provide, in pertinent part:

"Each party shall pay in the first instance for the printing of those parts of the record which he prints * * *; but *the amount paid will be included as taxable disbursements unless the court otherwise orders.* * * * Any party causing an appendix to be printed shall file with the clerk, before submission of the cause to the court, sworn proof of the cost of printing his appendix. In the absence of such proof the clerk shall not tax such cost." Rule 16(e), 28 U.S.C.A. (Emphasis added.)

" * * * Where a judgment is affirmed, costs shall be taxed against appellant unless otherwise ordered. * * " Rule 27(a), 28 U.S.C.A.

"When costs are taxed in this court, the clerk shall insert the amount thereof in the mandate of this court, or other proper process, sent to the district court, with direction to award execution thereon and to annex to the same the bill of items taxed in detail." Rule 27(b), 28 U.S.C.A.

With respect to its costs on appeal, is the defendant now precluded by the Court of Appeals mandate from claiming its entitlement to such costs?

This court believes that a fair interpretation of the above quoted provisions of the applicable rules requires a negative answer to that question. The rules are mandatory in their direction that the prevailing party shall have his taxable costs, "unless otherwise ordered" by the Court of Appeals. That court

does have the power in a proper case to exercise a sound discretion opposed to that mandatory provision. Jones v. Schellenberger, 7 Cir., 225 F.2d 784, 794, cert. denied 350 U.S. 989, 76 S.Ct. 476, 100 L.Ed. 855. All costs were taxed against the prevailing party in that case upon the court's finding that his conduct toward the court was "reprehensible" and such conduct had "not only prolonged the litigation but has greatly increased the costs." 225 F.2d at 794–795.

That discretion was not exercised by the Court of Appeals in this case. The Court made no reference to costs in its opinion. Its affirmance of the judgment, without reference to costs, is indicative of its view that the mandatory provisions of the rules should prevail. We think it clear that the Court intended that defendant have its costs, and the mandate so states.

█ Defendant was derelict in not timely submitting to the Clerk of the Court of Appeals "sworn proof" of its allowable costs for printing. In the absence of such proof, the Clerk was precluded from listing that item as taxable costs in the mandate issued. Rule 16(e).

█ We think the rules are designed to promote substantial justice in the matter of taxing costs. The failure of defendant to comply with Rule 16(e) precluded the Clerk of the Court of Appeals from taxing printing costs in the mandate, but we do not construe the rule as precluding this Court from allowing such costs on a timely application therefor.

The only reported case found is consistent with this view. In Jenkins Petroleum Process Co. v. Sinclair Refining Co., D.Me., 26 F.Supp. 845, the mandate of the Court of Appeals for the First Circuit taxed certain costs, not including the premiums paid on supersedeas and appeal bonds by the prevailing party. When a claim for such costs was made for the first time in the district court, the court held that recoverable costs were not limited by the mandate, and that the mandate of the Court of Appeals did not preclude the trial court from taxing additional allowable items of costs.

█ This court now holds that defendant is entitled to recover from plaintiff as its appeal costs the amount of $214.00, being the amount necessarily paid by it for printing its appendix in the Court of Appeals. Defendant's costs for printing its brief are not recoverable. Luxfer Prism Patents Co. v. Elkins, C.C. Pa., 99 F. 29.

█ In addition to the items mentioned, a claim for the sum of $92.50, for exemplification of copies of documents, is not supported by any adequate proof. The same is disallowed.

█ Defendant's claim for allowance of costs in this court for its filing fee, cost of removal bond and costs of depositions are disallowed. The original complaint was based upon two policies of insurance. On May 3, 1966, defendant entered into a stipulation with reference to one of those policies for dismissal of the cause upon a compromise settlement "without costs." An order of this court on the same date dismissed the cause, in part, upon that stipulation, finding all "costs paid." Defendant is precluded by its stipulation from claiming costs incurred prior to the date of that order.

Plaintiff deposited with the Clerk of this Court a cash costs bond in the amount of $250.00.

It is ordered that defendant recover therefrom the amount of $214.00 as and for its costs on appeal, and that the remaining balance of said bond be refunded to plaintiff.